# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INOCENCIO BANALES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J. TIM OCHOA, Warden,<br><br>　　　　　Respondent. | 1:11-cv-01432-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN CASE TO U. S. DISTRICT JUDGE |

　　　Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2011, Petitioner filed his petition for writ of habeas corpus in the United States District Court for the Southern District of California. (Doc. 1). On August 26, 2011, the case was transferred to this Court. (Doc. 3).

　　　Petitioner contends that his constitutional rights were violated when Respondent "validated" Petitioner as a member of the Mexican Mafia, a prison gang, based solely, according to Petitioner, on information derived from an envelope found in the possession of another inmate. Respondent's actions did not result in the loss of any credits that would directly affect the length of Petitioner's sentence. However, without any statutory basis for such an allegation, Petitioner alleges that once he has been validated he must serve his entire sentence.

## DISCUSSION

　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement,  a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent violated his constitutional rights by improperly "validating" Petitioner as a member of a prison gang.  Petitioner does not challenge either his underlying conviction or his sentence.  Moreover, the process Petitioner has challenged, i.e., the prison gang validation process, did not result in the loss of any credits by Petitioner, nor, apparently, placement in a restrictive setting such as the Secure Housing Unit.

1 The Ninth Circuit, ruling on a case appealed from this Court, has held that such a claim fails to
2 invoke this Court's habeas jurisdiction, citing Preiser and Ramirez. Burton v. Adams, 415 Fed.
3 Appx. 816, 817 (9th Cir. 2011)(not selected for official publication).

4     Petitioner is thus challenging the conditions of his confinement, not the fact or duration of
5 that confinement. Hence, Petitioner is not entitled to habeas corpus relief, and this petition must
6 be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a
7 civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

9     For the foregoing reasons, it is HEREBY ORDERED that the Clerk of the Court assign
10 this case to a United States District Judge.

**RECOMMENDATIONS**

12     For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ
13 of habeas corpus (Doc. 1), be DISMISSED for failure to state a claim upon which habeas corpus
14 relief can be granted.

15     This Findings and Recommendation is submitted to the United States District Court
16 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
17 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
18 California. Within twenty (20) days after being served with a copy, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections
21 shall be served and filed within ten (10) court days (plus three days if served by mail) after
22 service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to
23 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the
24 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
25 F.2d 1153 (9th Cir. 1991).
26 IT IS SO ORDERED.

27 Dated:  **September 8, 2011**                              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE
28